UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TITO KNOX,

      Petitioner,

v.

B.R. JETT, Warden,

      Respondent.

Civil No. 11-1326 (JRT/JJG)

**REPORT AND RECOMMENDATION**

Petitioner, a federal prison inmate, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.)  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner filed his habeas corpus petition on May 23, 2011.  Shortly thereafter, the Court reviewed the petition and found that it was fatally defective, because Petitioner had neglected to sign it.  Therefore, in an order dated June 2, 2011, (Docket No. 3), the Court directed Petitioner to file an amended habeas corpus petition bearing his original signature.  In that same order, the Court also denied Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 2), and directed him to pay the requisite $5.00 filing fee for this case.

The Court's prior order in this case expressly informed Petitioner that he must file an amended petition, and pay the requisite filing fee, by no later than

July 1, 2011.  The order also expressly informed Petitioner that if he did not fulfill those two requirements in a timely manner, he would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order in this case has now expired, and Petitioner has not filed an amended petition, nor has he paid the $5.00 filing fee.  Furthermore, Petitioner has not offered any excuse for his failure to comply with the prior order.  In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition.[1]

Therefore, it is now recommended, in accordance with the Court's prior order in this case, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

---

[1] The Court notes that Petitioner recently commenced a new habeas corpus case in this District, Knox v. Jett, No. 11-1959 (JRT/JJG), and it appears that he might have elected to bring that new action rather than continuing to pursue the present action.

## **RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: July 25, 2011           s/ *Jeanne J. Graham*
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge


## **NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 9, 2011**.  A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.